IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDDIE TERRELL HALL**                                                                    **PETITIONER**

v.                                                           CIVIL ACTION NO. 2:21-cv-141-HSO-MTP

**BURL CAIN**                                                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Eddie Terrell Hall[1] and Respondent's Motion to Dismiss [11] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [11] be granted and the Petition [1] be dismissed with prejudice as untimely.

### PROCEDURAL HISTORY

On July 23, 2013, in the Circuit Court of Covington County, Mississippi, Petitioner was convicted of murder and sentenced to life in prison. ([11-1]). Petitioner appealed his conviction to the Mississippi Supreme Court, and on October 13, 2016, the supreme court affirmed Petitioner's conviction in a written opinion. *See Hall v. State*, 201 So. 3d 424 (Miss. 2016).[2] According to Petitioner, he did not file a petition for writ of certiorari with the United States Supreme Court. ([1] at 2).[3]

---

[1] Petitioner did not sign his initial Petition [1], but after the Court entered multiple orders directing him to do so, Petitioner submitted a signed Petition to the Court. ([7-1]).

[2] The Mississippi Supreme Court initially affirmed Petitioner's conviction in an opinion entered on March 17, 2016, but on October 13, 2016, the supreme court granted Petitioner's motion for rehearing, withdrew its previous opinion, and entered a new opinion affirming the conviction. *See* https://courts.ms.gov/index.php?cn=80611#dispArea (last visited September 12, 2022).

1

On June 14, 2017, Petitioner filed in the Mississippi Supreme Court a "Motion to Suspend Rule and Permit Late Filing for Petition for Writ of Certiorari," and on July 13, 2017, Petitioner filed a "Petition for Writ of Certiorari." ([11-4]; [11-5]).  On July 25, 2017, the supreme court denied the motion and the "Petition for Writ of Certiorari," which the supreme court treated as an untimely motion for rehearing. ([11-6]).

On October 2, 2017, Petitioner file a Motion for Post-Conviction Collateral Relief ("PCR Motion") in the Mississippi Supreme Court. ([11-7]).[4]  On April 4, 2018, the supreme court denied the PCR Motion. ([11-8]).  On September 20, 2018, Petitioner filed a second PCR Motion, which the supreme court denied on November 7, 2018. ([11-9]; [11-10]).  On August 4, 2020, Petitioner filed a third PCR Motion, which the supreme court denied on October 7, 2020. ([11-11]; [11-12]).

On October 27, 2021, Petitioner submitted his Petition for Writ of Habeas Corpus [1],[5] challenging the trial court's rulings during jury selection and claiming that his trial counsel provided ineffective assistance.  Thereafter, Respondent filed a Motion to Dismiss [11], arguing

---

[3] A review of the United States Supreme Court's automated docket system also reveals that Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. *See* https://www.supremecourt.gov/docket/docket.aspx (lasted visited September 12, 2022).

[4] The PCR Motion was signed on October 2, 2017, and stamped filed on October 4, 2017. Mississippi follows the "mailbox rule" with respect to PCR motions filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts).  Under the "mailbox rule" a prisoner's pleading is deemed filed when he delivers it to prison officials for mailing.  Giving Petitioner the benefit of the doubt, the undersigned will assume that his PCR Motion was delivered to prison officials on the same day he signed it.

[5] The Petition was filed in this Court on October 29, 2021.  Petitioner did not date his Petition, but the envelope which contained the Petition indicates that it was delivered to prison officials on October 27, 2021. ([1-7]).  Thus, the undersigned will use the earlier date of October 27, 2021, as the date Petitioner "filed" his Petition.

that the Petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d).  Petitioner did not file a response.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court.  Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits.  If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review.  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The Mississippi Supreme Court affirmed Petitioner's conviction on October 13, 2016. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, Petitioner's judgment became final—and the statue of limitations for federal habeas relief began to run—on January 11, 2017 (October 13, 2016 plus 90 days).[6]  Petitioner

---

[6] Supreme Court Rule 13.3 provides as follows:

> The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . . But if a petition for rehearing is timely filed in the lower court by any

3

was required to file his federal habeas petition by January 11, 2018, unless he is entitled to statutory and/or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition on October 27, 2021, more than four years after the judgment became final.

***Statutory Tolling***

Whether statutory tolling occurred during the period between the judgment becoming final on January 11, 2017, and Petitioner filing his federal habeas Petition on October 27, 2021, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. As previously stated, Petitioner filed his first PCR Motion on October 2, 2017. ([11-7]). The PCR Motion was denied on April 4, 2018. ([11-8]). As a result, the limitations period was tolled, at most, for 184 days (October 2, 2017, to April 4, 2018), and Petitioner's deadline to file his federal habeas petition was extended to July 16, 2018.[7]

Petitioner filed his second and third PCR Motions on November 7, 2018, and August 4, 2020, respectively. ([11-11]; [11-12]). By the time Petitioner filed these motions, however, the

---

party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

As previously mentioned, Petitioner filed a "Petition for Writ of Certiorari," which the Mississippi Supreme Court considered as a motion for rehearing. The motion, however, was untimely, and the supreme court dismissed it as such. Accordingly, the motion for rehearing should not be considered in calculating the AEDPA limitations period. *See England v. Quarterman*, 242 Fed. Appx. 155 (5th Cir. 2007) (holding that a motion for rehearing which did not comply with state filing requirements should not be used to calculate the AEDPA limitations period).

[7] January 11, 2018, plus 184 days is July 14, 2018, which is a Saturday, and the next available business day is Monday, July 16, 2018.

4

time for filing a federal habeas petition had already expired. Accordingly, these motions did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired). Thus, Petitioner was required to file his federal habeas petition by July 16, 2018. Petitioner filed his Petition on October 27, 2021, more than three years after the deadline expired.

*Equitable Tolling*

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner makes no argument for equitable tolling, and nothing in the record indicates the presence of rare and exceptional circumstance warranting equitable tolling. Petitioner did not file a response to the Motion to Dismiss [11], and in his Petition, he indicates that the issue of

timeliness was not applicable to his case and does not identify any grounds for equitable tolling. Therefore, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court judgment became final on January 11, 2017. Based upon the one-year limitations period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal habeas petition by July 16, 2018. Petitioner filed his Petition on October 27, 2021, more than three years after the deadline. Petitioner has failed to establish that additional statutory or equitable tolling is appropriate. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 12th day of September, 2022.

s/ Michael T. Parker  
United States Magistrate Judge