IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDDIE TERRELL HALL**                                                                    **PETITIONER**

v.                                                          CIVIL NO. 2:21cv141-HSO-MTP

**BURL CAIN**                                                                         **RESPONDENT**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [13]; GRANTING RESPONDENT'S
MOTION TO DISMISS [11]; AND DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Report and Recommendation [13] of United States Magistrate Judge Michael T. Parker entered in this case on September 12, 2022, and Respondent Burl Cain's Motion to Dismiss [11] filed on March 28, 2022. No party has filed an objection to the Report and Recommendation [13], and the time for doing so has passed.

After due consideration of Respondent's Motion to Dismiss [11], the Magistrate Judge's Report and Recommendation [13], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [13] should be adopted in its entirety, that Respondent's Motion to Dismiss [11] should be granted, and that Petitioner Eddie Terrell Hall's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice as untimely.

I.   BACKGROUND

On July 22, 2013, Petitioner Eddie Terrell Hall ("Petitioner" or "Hall") was

found guilty of murder by a jury in the Circuit Court of Covington County, Mississippi, and sentenced to life in prison. *See* Ex. [11-1] at 1. Hall filed a direct appeal, and on October 13, 2016, the Mississippi Supreme Court affirmed his conviction and sentence. *See Hall v. State*, 201 So. 3d 424, 431 (Miss. 2016).[1]

On June 14, 2017, Hall filed in the Mississippi Supreme Court a "Motion to Suspend Rule and Permit Late Filing for Petition for Writ of Certiorari," *see* Ex. [11-4], followed by a "Petition for Writ of Certiorari" on July 13, 2017, *see* Ex. [11-5], which the state Supreme Court treated as "an untimely motion for rehearing," Ex. [11-6] at 2. The Mississippi Supreme Court denied both motions on July 25, 2017. *See id.* at 1-2.

On October 2, 2017, Hall filed a motion for post-conviction collateral relief ("PCR") in the Mississippi Supreme Court, *see* Ex. [11-7], which the Mississippi Supreme Court denied on April 4, 2018, *see* Ex. [11-8]. Hall filed a second PCR motion on September 20, 2018, *see* Ex. [11-9], which was denied as successive and without merit on November 7, 2018, *see* Ex. [11-10]. Hall filed a third PCR motion on August 4, 2020, *see* Ex. [11-11], which the Mississippi Supreme Court denied on October 7, 2020, *see* Ex. [11-12].

On October 27, 2021,[2] Petitioner filed a Petition [1] for Writ of Habeas

---

[1] The Mississippi Supreme Court originally entered its opinion on March 27, 2016, but later withdrew and superseded it on rehearing with an October 13, 2016, opinion. *See Hall v. State*, No. 2014-KA-00986-SCT, 2016 WL 1062743 (Miss. Mar. 17, 2016), *opinion withdrawn and superseded on reh'g,* 201 So. 3d 424 (Miss. 2016).

[2] The Petition [1] was not signed or dated when it was initially filed, *see* Pet. [1] at 15, but the envelope containing the Petition [1] was stamped "SMCI APPROVED LEGAL MAIL OCT 27 2021," Env. [1-1] at 1. The Clerk of Court received the Petition [1] on October 29, 2021. *See* Pet. [1]. Under the "mailbox rule," the filing date is assumed to be October 27,

Corpus in this Court pursuant to 28 U.S.C. § 2254.  *See* Pet. [1].  Hall challenges the trial court's rulings during jury selection and argues that he received ineffective assistance of counsel.  *See id.* at 4-10.

Respondent has filed a Motion to Dismiss [11] asserting that the Petition [1] was untimely under 28 U.S.C. § 2244(d).  *See* Mot. [11].  Taking into account statutory tolling during the pendency of his timely filed PCR motion, Respondent contends that Petitioner's habeas Petition was due no later than July 16, 2018.  *See id.* at 4-5.  Even excluding the time that the two subsequent PCR motions were pending, Respondent posits that the Petition would have been due at the latest on May 22, 2019.  *See id.* at 5-6.  Respondent argues that Petitioner has failed to show that he is entitled to equitable tolling; thus, the Petition "was filed over two years late."  *Id.* at 7.  Hall did not respond to the Motion [11].

On September 12, 2022, the Magistrate Judge entered a Report and Recommendation [13] recommending that the Petition be dismissed with prejudice as time barred.  *See* R. & R. [13] at 6.  Hall has not filed any objection to the Report and Recommendation [13], and the time for doing so has passed.  *See id.*

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

2021.  *See* Env. [1-1] at 1.

objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* As the Magistrate Judge explained in his Report and Recommendation [13], the Petition was filed well after the statutory deadline, *see* R. & R. [13] at 6; 28 U.S.C. § 2244(d), and Hall has not shown any basis for equitably tolling the statute of limitations, *see, e.g., Holland v. Fla.,* 560 U.S. 631, 649 (2010) (holding that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotation omitted).

Because Hall's federal habeas Petition was untimely, dismissal with prejudice is warranted. *See* 28 U.S.C. § 2244(d). The Court will adopt the Magistrate Judge's Report and Recommendation [13] and grant Respondent's Motion to Dismiss [11].

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [13] of United States Magistrate Judge Michael T. Parker entered in this case on September 12, 2022, is **ADOPTED** in its entirety as the finding of this Court.

5

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Burl Cain's Motion to Dismiss [11] filed on March 28, 2022, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Eddie Terrell Hall's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE